Singh v. Garland

BIA
A200 939 076

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
>       JOHN M. WALKER, JR.,
>       MICHAEL H. PARK,
>       SARAH A. L. MERRIAM,
>               *Circuit Judges.*

_____

SURJIT SINGH,
>       *Petitioner,*

>       v.                                                          **21-6579**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

**FOR PETITIONER:**        Jaspreet Singh, Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Surjit Singh, a native and citizen of India, seeks review of an October 7, 2021, decision of the BIA denying his motions to reopen his removal proceedings. *In re Surjit Singh*, No. A200 939 076 (B.I.A. Oct. 7, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

The only decision before us is the BIA's denial of Singh's second and third motions to reopen, in which Singh sought reopening to re-apply for asylum and related relief based on his fear that Congress Party members and the police would harm him and his family based on his support for the Shiromani Akali Dal Amritsar ("SADA") Party. He alleges that changed conditions in India and the

ineffective assistance of his former attorneys excused the time and number limitations on his motions. *See* 8 U.S.C. § 1252(b)(1); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We review the BIA's denial of a motion to reopen for abuse of discretion and any findings regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Singh's 2019 and 2021 motions were untimely and number barred because they were his second and third motions to reopen filed years after his removal order became final in 2014. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (setting one-motion limit and 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). However, the time and number limits do not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). Time and number limits may also be excused by a claim of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006); *see also Iavorski v. INS*, 232 F.3d 124, 132 (2d Cir.

3

2000).  The BIA did not err in concluding that neither exception applied to Singh's motions.

### 2019 Motion to Reopen

In denying Singh's 2019 motion, the BIA did not err in relying on an underlying adverse credibility determination to decline to credit Singh's affidavit, which was the only evidence he submitted to support his assertion of changed circumstances.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").  The adverse credibility finding, dating to Singh's original 2010 application, was based on inconsistencies in his testimony and the submission of unreliable documents.  As we have held, a single false document or a single instance of false testimony may infect the balance of an applicant's uncorroborated evidence.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (upholding agency's decision not to credit an unauthenticated village committee notice submitted with a motion to reopen where movant was found not credible in the underlying proceeding).  The BIA acted within its discretion when

4

it concluded that Singh's new affidavit was entitled to little weight in light of the prior adverse credibility finding.

2021 Motion to Reopen

In denying Singh's 2021 motion to reopen, the BIA did not err in finding that Singh failed to show that the changed country conditions exception applied because (1) his individualized evidence was previously available at the time of his 2013 hearing, did not rebut the underlying adverse credibility determination, or was not reliable, and (2) his country conditions evidence did not show a change in the treatment of SADA members since the time of his hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring previously unavailable evidence for reopening based on changed conditions); *see also Y.C.*, 741 F.3d at 334 ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020) ("[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was

5

found to be not credible.”); *Kaur*, 413 F.3d at 234 (finding no error in the BIA's determination that “evidence submitted by petitioner in support of [the] motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application”).   We find no merit to Singh's argument that the agency's underlying adverse credibility determination did not reach the credibility of his membership in SADA because that adverse credibility determination was based in part on the finding that Singh submitted a suspect voter identification card and the IJ did not limit the credibility determination to isolated portions of Singh's claim.

The BIA also did not abuse its discretion in declining to excuse the time and number limits based on Singh's claims of ineffective assistance of counsel.   A movant raising an ineffective assistance claim must first comply with the procedural requirements laid out in *Matter of Lozada*.   19 I. & N. Dec. 637 (B.I.A. 1988); *see Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46-47 (2d Cir. 2005). Under *Lozada*, a noncitizen raising an ineffective assistance of counsel claim must include with their motion an affidavit detailing their agreement with former counsel, proof that the movant notified counsel of the allegations, and a statement

6

as to whether the movant filed a complaint with the proper disciplinary authorities. *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). Failure to comply with the *Lozada* requirements constitutes forfeiture of the ineffective assistance claim. *See Jian Yun Zheng*, 409 F.3d at 46-47.

The BIA did not err in rejecting Singh's ineffective assistance claims because he failed to comply with the *Lozada* requirements. *Id.* He did not submit evidence that he had complied with any of the *Lozada* requirements as to three of the four attorneys he claimed were ineffective, and although he submitted a letter addressed to the Attorney Grievance Committee for the Supreme Court of New York alleging ineffective assistance of one attorney, he did not submit evidence that he sent the letter to the Committee. Because Singh did not provide evidence that he substantially complied with the *Lozada* requirements as to any of his former attorneys, the BIA did not abuse its discretion in rejecting his ineffective assistance of counsel claims and declining to excuse the time and number limits on that basis. *Id.* at 46.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court